340          CASES IN THE SUPREME COURT,

State of Minnesota ex rel. Isabelle Barnes v. Barnes.

STATE OF MINNESOTA *ex rel.* ISABELLE BARNES

*vs.*

WILLIAM T. BARNES.

A pretended writ of habeas corpus *issued* by a court commissioner under his own hand and official seal, and not under the seal of any court, is unauthorized and void.

The relator applied to the court commissioner of Sibley county for a writ of habeas corpus, to be directed to the defendant, commanding him to bring the body of Lula Belle Barnes before such commissioner, &c. The commissioner issued the writ, under his own hand and seal, and the defendant not obeying the same, issued a writ of attachment against the defendant. A motion was made by the defendant before the district court for said county, for an order dismissing the writ of habeas corpus, and all the proceedings. The court denied the motion, and from the order denying the same the defendant appeals to this court.

SWAN & BANGS, for Appellant.

DANIEL PICKIT, for Respondent.

*By the Court.*—BERRY, J.—Section 48, ch. 81, Gen. Stat. enacts, that "Every writ of habeas corpus   *   *   *   shall be under the seal of the court."

State of Minnesota ex rel. Isabelle Barnes v. Barnes.

The pretended writ in this instance was *issued* by the court commissioner under his own hand and official seal, and not under the seal of any court. It was, therefore, quite unauthorized, and was no more a writ of habeas corpus, in any proper sense, than if it had been issued by a constable. The whole proceedings should have been dismissed.

The case of State vs. Hill relied upon by the court below, and by respondent's counsel here, is not an *authority* for the practice adopted in this case.

In the first place, the question as to the power of a court commissioner to *issue* the writ of habeas corpus, in distinction from *allowing* or *granting* it, is not discussed by counsel, nor considered or determined by the court in State vs. Hill.

In the second place, even if the statutes in force when the decision in State vs. Hill was made in 1865, would have permitted a commissioner to *issue* the writ, sec. 48 above cited, and enacted in 1866, permits it no longer.

The order appealed from is reversed and the whole proceedings dismissed.